**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| J. BRIAN HURD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:15-cv-00232-MCR-CJK |
| | : | |
| UNITED THERAPEUTICS | : | |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**COMPLAINT**

Defendant UNITED THERAPEUTICS CORPORATION, by its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff  J. BRIAN

HURD's Complaint and sets forth its affirmative defenses as follows:

**JURISDICTION AND VENUE**

**PARAGRAPH NO. 1:**

This is an action to remedy discrimination on the basis of sex (gender), in the terms,
conditions, and privileges of Plaintiff's employment in violation of Title VII of the Civil Rights
Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1991, 42 U.S.C.
§1981a.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), but Defendant denies

that it violated Title VII or that Plaintiff is entitled to any relief whatsoever.

**PARAGRAPH NO. 2:**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f), and a
right to sue letter issued by the United States Equal Employment Opportunity Commission
(EEOC) on February 10, 2014.

**ANSWER:**

Defendant admits that Plaintiff attempts to invoke the Court's jurisdiction over his action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).  Defendant denies the remaining allegations in Paragraph No. 2 of Plaintiff's Complaint.

**PARAGRAPH NO. 3:**

Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).  Compensatory damages are sought pursuant to 42 U.S.C. §1981a.

**ANSWER:**

Defendant admits that Plaintiff seeks declaratory, injunctive, and equitable relief pursuant to 28 U.S.C. §§ 2201, 2201 and 42 U.S.C. § 2000e-5(g) and compensatory damages pursuant to 42 U.S.C. § 1981a, but Defendant denies that Plaintiff is entitled to any relief whatsoever.

**PARAGRAPH NO. 4:**

Costs and attorney's fees are sought pursuant to 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54.

**ANSWER:**

Defendant admits that Plaintiff seeks costs and attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54, but Defendant denies that Plaintiff is entitled to any relief whatsoever.

**PARAGRAPH NO. 5:**

This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

**ANSWER:**

Defendant admits that venue is proper in this judicial district.  Defendant denies the remaining allegations in Paragraph No. 5 of Plaintiff's Complaint.

**PARAGRAPH NO. 6:**

Plaintiff has exhausted all administrative prerequisites prior to bringing this action.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 6 of Plaintiff's Complaint.

## PARTIES

**PARAGRAPH NO. 7:**

Hurd is a male citizen of the United States and a resident of Escambia County Florida. He was formerly employed by United.  He is an employee within the meaning of Title VII.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 7 of Plaintiff's Complaint.

**PARAGRAPH NO. 8:**

United is a Foreign Profit Corporation authorized to do business in the state of Florida. United is a biotechnology company focused on the development and commercialization of medical products throughout the United States.  United was an "employer" of Plaintiff within the meaning of Title VII.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 8 of Plaintiff's Complaint.

## FACTS

**PARAGRAPH NO. 9:**

Hurd was hired by United on February 16, 2009, as a Senior Manager, Field Training.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 9 of Plaintiff's Complaint.

**PARAGRAPH NO. 10:**

During his employment with United, Hurd performed the duties of his position in an exemplary manner.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 10 of Plaintiff's Complaint.

3

**PARAGRAPH NO. 11:**

Hurd was involuntarily terminated on December 9, 2013.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 11 of Plaintiff's Complaint.

**PARAGRAPH NO. 12:**

Hurd asked a co-trainer, James Markert to put together a presentation for and to facilitate a "Strategic Account Workshop" during a Phase IV Advanced Training Class held in April 2012. Mr. Markert made an outstanding presentation and received very positive feedback.

**ANSWER:**

Defendant admits that Plaintiff asked James Markert, Manager, Field Training, to make a presentation during a Phase IV Advanced Training class in April 2012. Defendant denies the remaining allegations in Paragraph No. 12 of Plaintiff's Complaint.

**PARAGRAPH NO. 13:**

Hurd was not aware of any compliance issues with the slide that Markert used in his presentation.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 13 of Plaintiff's Complaint.

**PARAGRAPH NO. 14:**

On June 28, 2013, Hurd was an observer of ICPS training wherein Mr. Markert used the same slides that he used in the April 2012 presentation. The leader of this training was Ms. Sheetal Gold, a female Manager, Field Training. The training was also observed by Hurd's supervisor and other senior management, who gave Markert positive feedback.

**ANSWER:**

Defendant admits that Sheetal Gold, a female Regional Business Director, ran a ICPS training session on June 28, 2013 that was attended by Plaintiff in which Mr. Markert may have used some of the slides from his April 2012 presentation during the Phase IV Advanced Training class. Defendant denies the remaining allegations in Paragraph No. 14 of Plaintiff's Complaint.

**PARAGRAPH NO. 15:**

In the month of October 2013, Hurd was in the process of setting up another Phase IV training class scheduled for November 2013.  Mr. Markert again agreed to lead the "Strategic Account Workshop" for the training class.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 15 of Plaintiff's Complaint.

**PARAGRAPH NO. 16:**

Mr. Markert sent the slides that he intended to use to Hurd so that they could be reviewed by the legal department for compliance prior to their use in the training class.  The legal/compliance review was a new procedure.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 16 of Plaintiff's Complaint.

**PARAGRAPH NO. 17:**

Hurd sent the slides to his supervisor, the Director of Training, who in turn gave them to the legal department.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 17 of Plaintiff's Complaint.

**PARAGRAPH NO. 18:**

In late October 2013, Hurd was advised that the slides were not approved by the legal/compliance review.  Mr. Hurd replaced Mr. Markert with another presenter.  The training class took place on November 11 through November 15, 2013.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 18 of Plaintiff's Complaint.

**PARAGRAPH NO. 19:**

On December 9, 2013, Mr. Hurd was terminated from his job allegedly due to the slides used by Mr. Markert in the April 2012 training.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 19 of Plaintiff's Complaint.

**PARAGRAPH NO. 20:**

Hurd was never told how and in what manner the slides used by Markert were non-complaint.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 20 of Plaintiff's Complaint.

## CAUSE OF ACTION
### (Gender Discrimination)

**PARAGRAPH NO. 21:**

Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20, of this Complaint with the same force and effect as if set forth herein.

**ANSWER:**

Defendant restates its answers to Paragraph Nos. 1-20 of Plaintiff's Complaint as its

answer to Paragraph No. 21 of Plaintiff's Complaint.

**PARAGRAPH NO. 22:**

Defendant discriminated against Plaintiff in the terms and conditions of his employment of the basis of his gender in violation of Title VII of the Civil Rights Act of 1964.

**ANSWER:**

Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

**PARAGRAPH NO. 23:**

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**ANSWER:**

Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with Title VII and all other applicable anti-discrimination laws.

### SECOND DEFENSE

To the extent Plaintiff failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

Respectfully submitted,

UNITED THERAPEUTICS CORPORATION


By:  s/  Frederick T. Smith
    Alex S. Drummond
    Florida Bar No. 0038307
    adrummond@seyfarth.com
    Frederick T. Smith
    fsmith@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia 30309-3958
    Telephone:  (404) 885-1500
    Facsimile: (404) 892-7056

Date:   June 19, 2015

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| J. BRIAN HURD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:15-cv-00232-MCR-CJK |
| | : | |
| UNITED THERAPEUTICS | : | |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 19, 2015, I electronically filed ***DEFENDANT'S ANSWER AND***

***AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT*** with the Clerk of Court using

the CM/ECF system, which will automatically send electronic notification of such filing to the

following attorneys of record:

R. John Westberry
Clayton M. Connors
Westberry & Connors, LLC
4400 Bayou Boulevard, Suite 32A
Pensacola, Florida  32503

Frederick T. Smith
Counsel for Defendant

20040742v.1